NUMBER 13-10-00161-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

ESTHER MAE PLEASANT,                                                                   Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 252nd
District Court

of Jefferson County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            Appellant, Esther Mae
Pleasant, pleaded guilty on an “open plea” to injury to an elderly individual,
a third-degree felony.  See Tex. Penal
Code Ann. § 22.04(a)(3)(f) (Vernon Supp. 2010).  The trial court accepted
her plea and sentenced her to five years’ imprisonment.  See id. §
12.34 (Vernon Supp. 2010).         

 

I.  Anders
Brief

            Pleasant’s appellate
counsel has filed a motion to withdraw and a brief in support thereof in which
he states that he has diligently reviewed the entire record and has concluded
that there is no reversible error.  See Anders v. California, 386 U.S. 738
(1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978).  Counsel has informed this Court that he has (1) examined the record and
has found no arguable grounds to advance on appeal, (2) served copies of the
brief and motion to withdraw on Pleasant, and (3) informed Pleasant of her right
to review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.  See In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel’s brief, and find that the
appeal is wholly frivolous and without merit.  See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders
briefs, by indicating in the opinion it considered the issues raised in the
brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
Pleasant’s counsel has filed a motion to withdraw as her appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations omitted)). 
We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to Pleasant and advise her of her right to file a petition for
discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

10th
day of March, 2011.









[1]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d
693, 696-97 (Tex. App.–Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Pleasant wish to seek further
review by the Texas Court of Criminal Appeals, she must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review must comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.